UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Reinoso<br><br>Plaintiff<br><br>v.<br><br>SN Hotels Inc. d/b/a Atlantic Hotel and Jane Doe a/k/a "Daisy"<br><br>Defendants. | :<br>:<br>:<br>:<br>:   Case No.: 22-cv-7486<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JURY TRIAL REQUESTED<br>:<br>: |

# FIRST AMENDED COMPLAINT

## I.   PRELIMINARY STATEMENT

1. Plaintiff worked as a cleaner in Defendants' hotel business for many years, regularly working more than 60 hours per week, but was paid less than minimum wage, was never paid a premium rate for overtime hours as required by Federal and State law, and was frequently not paid timely.

2. Plaintiff brings this action against Defendants SN Hotels, Inc. d/b/a Atlantic Hotel and Jane Doe a/k/a "Daisy" (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiff's wages for her work.

3. Plaintiff alleges violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the minimum wage, spread of hours, overtime, wage statement and wage notice provisions of New York Labor Law Article 19 § 650, *et seq.* ("NYLL").  Plaintiff seeks her earned but unpaid wages and

liquidated damages pursuant to the FLSA; her earned but unpaid wages and liquidated damages pursuant to the NYLL; other statutory damages pursuant to the NYLL; and reasonable attorneys' fees, costs, and interest.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216, and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III.    THE PARTIES

7. Plaintiff Maria Reinoso is an adult individual and resident of the State of New York, Suffolk County. Her consent to sue is attached hereto as Exhibit A.

8. At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the NYLL § 190.

9. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged

in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b)(r)(1).

10. Upon information and belief, Defendant SN Hotels, Inc. is a domestic corporation doing business as Atlantic Hotel in the State of New York and Suffolk County. SN Hotels, Inc. is headquartered at 1655 County Rd 39 Southampton, NY.

11. Upon information and belief, Defendant Jane Doe a/k/a "Daisy" is a resident of the State of New York and was employed by the corporate Defendant as a manager of the Atlantic Hotel during the relevant time period.

12. Upon information and belief, at all times relevant to the Complaint, Defendant Jane Doe made all relevant decisions regarding Plaintiff's wages, working conditions, and employment status at the Defendant corporation.

13. At all times relevant to the Complaint, Defendant Jane Doe had the power to hire and fire Plaintiff, set Plaintiff's wages, retain time and/or wage records, and otherwise control the terms and conditions of Plaintiff's employment at the Defendant corporation.

14. At all times relevant to the Complaint, Defendant Jane Doe had the power to stop any illegal pay practices at the Defendant corporation.

15. At all times relevant to the Complaint, Defendant Jane Doe actively managed, supervised, and directed the business affairs and operation of the Defendant corporation, and acted directly and indirectly in relation to the employees.

16. At all times relevant to the Complaint, Defendant SN Hotels, Inc. was an employer of Plaintiff as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the NYLL § 190.

17. At all times relevant to the Complaint, Defendant Jane Doe was an employer of each of the Plaintiffs as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1);

    b. the NYLL § 190.

18. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV. STATEMENT OF FACTS

19. At all relevant times, Plaintiff performed physical labor in Defendants' hotel business including regularly cleaning the more than 60 rooms at the Atlantic Hotel in Southampton, NY.

20. Plaintiff worked for Defendants from approximately 2015, when Defendants purchased the Atlantic Hotel, to approximately April 2022 when Defendants ostensibly sold the Atlantic Hotel.

21. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked Thursdays through Tuesdays from 8:00 a.m. to between 7:00 p.m. and 9:00 p.m.  When Plaintiff worked on Sunday, she typically began work at 9:00 a.m. and worked until between 7:00 p.m. and 9:00 p.m.  Frequently, Plaintiff also worked on Wednesdays from 8:00 a.m. to between 7:00 p.m. and 9:00 p.m. which was supposed to be her day off.

22. Defendants paid Plaintiff an hourly rate for forty hours of work each week.  The rate was $11 per hour beginning in 2015 and raised incrementally to $19 per hour in 2022.

23. Defendants paid Plaintiff for forty hours per week by check.

24. In the summer months, Plaintiff received these checks on a weekly basis.  For the remainder

of the year, Plaintiff received these checks on a bi-weekly basis. As a result of Defendants' failure to pay Plaintiff on a weekly basis as required by NYLL, Plaintiff did not have access to her earned wages in time to pay bills and purchase necessities for herself and her family. She was also deprived of the time value of money.

25. During the time period 2016-2022, Plaintiff was paid sporadically in cash for some but not all of the hours she worked beyond 40 in each workweek.

26. Plaintiff typically received these cash payments every two to three months and they ranged in quantity from approximately $200 to $800. During the course of one year, Defendants failed to pay Plaintiff anything whatsoever for her overtime hour until the end of the year and then paid her only $3,000 for the whole year of overtime work. One average, Plaintiff belatedly received approximately $250 per month for her overtime work.

27. For example, during the work week from June 4, 2021 to June 10, 2021, Plaintiff worked no less than 66 hours but was only paid for 40 hours of work at a rate of $19 per hour and no more than $65 for her overtime hours for a total of $815. Thus, Plaintiff received less than $13 per hour.

28. Defendants never paid Plaintiff a premium rate for overtime hours, in violation of the FLSA and NYLL.

29. Defendants never paid Plaintiff a premium rate for the additional time for days in which Plaintiffs worked more than 10 hours, in violation of the NYLL.

30. Plaintiff did not receive at the time of hiring, or at any subsequent time, a wage notice in English or Spanish, the Plaintiff's primary language, containing the information outlined in NYLL § 195(1)(a), such as the rate of pay.

31. Plaintiff did not receive accurate weekly wage stubs or statements containing all

information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

32. Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff at least minimum wage for every hour worked and premium pay for all hours worked in excess of forty (40) per week. Defendants' violations were willful.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Fair Labor Standards Act – Overtime*

33. Plaintiff restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

34. Defendants willfully failed to timely pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

35. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wage and overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### SECOND CAUSE OF ACTION

*NYLL – Minimum Wage*

36. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

37. Defendants willfully violated Plaintiff's rights by failing to timely pay Plaintiff at the

applicable minimum hourly wage, in violation of NYLL.

38. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 191, 198 and 663.

## THIRD CAUSE OF ACTION

### *NYLL – Overtime*

39. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

40. Defendants willfully violated Plaintiff's rights by failing to timely pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 191, 198 and 663.

## FOURTH CAUSE OF ACTION

### *NYLL – Spread of Hours*

42. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

43. Defendants willfully violated Plaintiff's rights by failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of NYLL and its regulations.

44. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from

Defendants, jointly and severally, her unpaid spread of hours wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## FIFTH CAUSE OF ACTION

### *NYLL – Wage Notice*

45. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

46. Defendants willfully failed to provide Plaintiff, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information required by NYLL § 195(a), such as the rate of pay.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## SIXTH CAUSE OF ACTION

### *NYLL – Wage Statement*

48. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

49. Throughout the entire course of her employment, Defendants willfully failed to provide Plaintiff weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from

Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

51. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the Fair Labor Standards Act;

52. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York Labor Law;

53. Order Defendants to pay to Plaintiff all minimum and overtime wages owed, including paid sick time, consistent with FLSA;

54. Order Defendants to pay to Plaintiff all minimum, spread of hours, and overtime wages owed, consistent with NYLL;

55. Order Defendants to pay to Plaintiff the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

56. Award Plaintiff liquidated damages for all wages withheld in violation of FLSA;

57. Award Plaintiff additional liquidated damages for all wages withheld or delayed in violation of NYLL;

58. Award Plaintiff reasonable attorneys' fees, costs and interest; and

59. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## VI.  REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which she is entitled.

                RESPECTFULLY SUBMITTED,

          /s/ Robert McCreanor
         ROBERT MCCREANOR, Esq.
         Law Office of Robert D. McCreanor, P.L.L.C.
         245 Saw Mill River Rd. Suite 106
         Hawthorne, NY 10532
         (845) 202 1833
         rmccreanor@rdmclegal.com

                **ATTORNEY FOR THE PLAINTIFF**

Dated: December 7, 2022